## HUNT v. SWYNEY (SHARP, Intervener).

### No. 14,958; August 16, 1893.

#### 33 Pac. 854.

**Evidence.**—S.'s Clerk, Y., Took an Assignment of Mortgage from him, foreclosed it, and took the property in his own name. S. having died, Y. contended, as against his widow, that he had bought the mortgage, and foreclosed it for himself. The widow asserted that she had bought it from her husband, and had it assigned to Y. for foreclosure. On direct examination, Mrs. S. was asked whether at the time in question Y. was her agent for collecting rents. Y.'s accounts were then put in evidence, showing large credits for rents collected for her, and charges for the notary's fee on the assignment of the mortgage, for taxes on the same, and expenses of foreclosure and sale. *Held*, that the question was proper as an introduction of the accounts.

**Witness.—Where a Witness Responsively Answers** a question in the affirmative, and then proceeds to state other irresponsive matters, a motion to strike out the whole answer is rightly denied.

**Resulting Trust.—Y., Who had Been the Clerk of S., Deceased,** and Mrs. S.'s rent collector, took an assignment of mortgage from S., foreclosed it, and took title to the land in his own name. Mrs. S. thereafter claimed the land as having bought the mortgage from her husband, and had it assigned to Y. to foreclose. Y. maintained that he had bought and foreclosed the mortgage for himself. The record of the foreclosure case showed that Y., cross-examined, had admitted his agency for Mrs. S. in the matter, and that the price of the mortgage was applied on a debt due from S. to his wife. Held, that the court was justified in finding him a trustee, who could have no possession adverse to Mrs. S.

APPEAL from Superior Court, City and County of San Francisco; William T. Wallace, Judge.

Action by John Hunt, executor of the will of George F. Sharp, deceased, against Thomas N. Swyney, to establish a trust in favor of testator's estate in certain lots held by said Swyney. Honora Sharp, testator's widow, intervenes, claiming the trust for herself. Judgment for intervener. Defendant appeals.

Eugene N. Deuprey for appellant; Arthur Rodgers and Matt I. Sullivan for respondent.

HAYNES, C.—Appeal by defendant, Swyney, from a judgment in favor of the intervener, Honora Sharp, and from an order denying his motion for a new trial. An action was commenced October 17, 1887, by plaintiff, as the executor of the will of George F. Sharp, deceased, against the defendant Swyney et al., to compel said Swyney to convey to plaintiff a certain lot in the city of San Francisco, and to recover the value of the use thereof, alleging that said Swyney held the title in trust for the estate of his testator. Honora Sharp, the widow of said George F. Sharp, filed her complaint in intervention August 17, 1888, alleging the same facts, except that Swyney held the property in trust for her, and that she, and not the estate, was the owner, and entitled to a conveyance and to recover the rents and profits. On December 21, 1880, Alfred Rising and wife executed to George F. Sharp

their note for $3,500 for money loaned, and a mortgage upon the lot in question to secure the same. On December 10, 1881, Sharp assigned the note and mortgage to defendant, Swyney, who foreclosed the mortgage, and upon a sale under the decree, in July, 1882, bid the amount of the judgment, and became the purchaser of the lot in controversy. Swyney assigned the certificate of purchase to one Pennie, to whom the sheriff executed a deed, but Pennie afterward conveyed the lot to defendant, Swyney. George F. Sharp died in October, 1882. For three years last before Sharp's death Swyney was his law clerk, and during the same time was the agent of Mrs. Sharp in collecting the rents of her separate property. Plaintiff claimed that the note and mortgage were assigned to Swyney in trust, for collection for the benefit of Mr. Sharp. Defendant Swyney claimed that he purchased and paid for the note and mortgage and foreclosed it for his own benefit, and the intervener, Mrs. Sharp, claimed that the consideration of the note and mortgage was her separate money, which her husband had invested for her, taking the note and mortgage in his own name; that the assignment to Swyney was without consideration and in trust, for foreclosure, collection and purchase for her exclusive benefit. Swyney's answer put in issue the material averments of the intervener's complaint, and pleaded the statute of limitations.

The findings fully sustain the contention of the intervener, but it is contended by appellant that in several material matters they are not justified by the evidence. So far as the findings are adverse to defendant's claim that he purchased the note and mortgage, and was the owner of them in his own right, and not in trust for the use and benefit of any person other than himself, the evidence, while conflicting, could lead to no other reasonable conclusion than that reached by the court. The particulars in which the testimony of the intervener is least satisfactory, and which are largely commented upon by appellant, are those which relate to the question whether the trust was for the benefit of herself or her husband; but the trust having been found on sufficient evidence, that is a question which does not materially concern the appellant, though the findings in that respect are sufficiently supported. Appellant also specifies several particulars in which he contends the court erred during the trial.

The judgment-roll in the case of Swyney v. Rising et al. was properly received. The copy of the note set out in the complaint omitted the words, "at the same rate," but the complaint was amended in that respect by leave of the court. Upon direct examination Mrs. Sharp was asked: "During the year 1881, from December 1st down to and including the month of October, 1882, was Mr. Swyney, the defendant in this action, your agent in collecting rents for you?" Objection was made that it was immaterial, irrelevant, and incompetent, and not pertinent to any of the issues. The objection was overruled, upon the ground that it was introductory. The specifications do not show that any motion was afterward made to strike out, while the record does show that defendant's accounts were put in evidence, showing not only that large amounts of rents were collected by the defendant for her, thus tending to show that she had moneys of her own, but also showing, among other things, that in his accounts to her of rents collected he charged her for the notary's fee for acknowledging the assignment of the Rising mortgage to himself, and for recording it, for paying the taxes on the mortgage, and for all the expenses of foreclosure of that mortgage, including a witness fee to himself and the expenses of sale. In view of this evidence the preliminary question leading to its introduction was entirely proper. The witness, in answer to a question, said, "Yes, sir"; and proceeded to state other matters not responsive to the question, the material parts of which appear in other portions of her testimony, and which so far as material, were harmless. The motion by appellant was to strike out the whole of the answer as not responsive. The motion was properly denied. A part was responsive, and therefore all the answer could not be stricken out.

Two other errors of law are stated in the specifications, being rulings upon the admission of testimony, and marked "D" and "E." I can see no valid objection that appellant could urge to either. Both questions were pertinent to the controversy between Mrs. Sharp and the estate, and, if erroneous upon any ground, it is not perceived how they could prejudice the appellant. These exceptions are stated in appellant's brief, but no comments of any character are made.

The remaining points relate to the findings, and have been disposed of, except that relating to the plea of the statute of limitations. Upon that issue the court found that the intervener did not discover that Swyney claimed to own the premises until shortly before, and less than three years before, she filed her complaint in the cause, and that defendant actively and by artifice concealed from her the fact that he asserted a claim to the premises. Swyney was examined as a witness in the foreclosure case of Swyney v. Rising et al., and upon cross-examination was asked: "How much did you pay Mr. Sharp for that mortgage? Answer. Mr. Sharp was paid $3,500. Q. How much did you pay? A. I paid that amount. Q. Who from, his wife? A. Yes, sir; I hold that for Mrs. Sharp. I am Mrs. Sharp's agent, and before the assignment of the mortgage was made Mr. Sharp was in debted to Mrs. Sharp for something like $4,000. Mrs. Sharp instructed me that Mr. Sharp would assign to me a mortgage, and in consideration of that assignment I was to remit to him the amount of that indebtedness, $3,500." It is clear from this evidence, given by Mr. Swyney at the time of the transaction, that he acted in the matter as the agent of Mrs. Sharp, who was the purchaser of the mortgage from Mr. Sharp, and that the foreclosure and purchase at sheriff's sale were for her benefit. It is not alleged that he ever purchased the property from her, nor paid to her the consideration she paid her husband for the mortgage. Sustaining, as he then admitted, the confidential relation of agent, Mrs. Sharp being the equitable owner of the mortgage and of the property paid for by the judgment, he could not acquire title to the property thus held by him in trust by adverse possession, without a clear and unequivocal repudiation of that trust, and an assertion of his own claim of title brought to her knowledge. The finding of the court upon the plea of adverse possession is justified by the evidence. The judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.